IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-00243-MR

| | |
|---|---|
| **RASHAUD HUSSEM AZAR EL,** ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> **CABARRUS COUNTY JAIL, et al.,** ) <br> ) <br> Respondents. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court *sua sponte*.

The pro se incarcerated Petitioner filed this action pursuant to 28 U.S.C. § 2241. [Doc. 1]. The Petitioner did not pay the filing fee or file an application to proceed in forma pauperis. On February 29, 2024, the Clerk entered a Notice of Deficiency granting the Petitioner 21 days within which to pay the filing fee or to file an application to proceed in forma pauperis. [Doc. 2]. The Petitioner was cautioned that, "[f]ailure to do so may result in the dismissal of this action without prejudice for failure to prosecute." [Id. at 1]. That day, the Petitioner was mailed a copy of that Order as well as a copy of the Court's Standing Order that provides, in relevant part, that Petitioner's failure to promptly inform the Court of any changes of address may result in the dismissal of this case for lack of prosecution. See 1:23-mc-

00022-MR. The envelope containing the February 29 Order and the Order of Instructions was returned to the Court as undeliverable, stamped "return to sender, not deliverable as addressed, unable to forward," with a written note "RTS not here." [Doc. 3].

The Petitioner has failed to pay the filing fee or to file an application to proceed in forma pauperis, and the time to do so has expired. He has also failed to inform the Court of his current address.

The Petitioner appears to have abandoned this action, and the Court is unable to proceed. This case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate this action.

**IT IS SO ORDERED.**

Signed: March 29, 2024

Martin Reidinger
Chief United States District Judge